*Moscoso Guerra v. Garland*

BIA
Conroy, IJ
A201 517 561

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges.*

_____

ELMER JOEL MOSCOSO GUERRA,
> *Petitioner*,

v.                                                                          22-6553

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:                         Jessica Swensen, The Bronx Defenders, Bronx, NY.

FOR RESPONDENT:        Brian Boynton, Principal Deputy Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Craig W. Kuhn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is **DISMISSED IN PART** and **DENIED IN PART**.

Petitioner Elmer Joel Moscoso Guerra, a native and citizen of Guatemala, seeks review of a December 5, 2022 decision of the BIA affirming a March 30, 2022, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elmer Joel Moscoso Guerra,* No. A201-517-561 (B.I.A. Dec. 5, 2022), *aff'g* No. A201-517-561 (Immig. Ct. N.Y. City Mar. 30, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision directly, as modified or supplemented by the BIA. *See Xue Hong Yang v. U.S. Dept. of Justice,* 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence, and we review

2

questions of law and the application of fact to law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Moscoso alleged that that two powerful families in Guatemala that are connected to one another, the Espanas and Mirandas, have killed one male member of his family in revenge for murders committed by his great uncle in 2001 and would kill him if he returned to Guatemala. He testified that his uncle was murdered in 2011 by members of the Espana family, a member of the Miranda family confronted his mother in 2021, and that all male members of his family have left Guatemala.

## I. Asylum

To be eligible for asylum, an applicant must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of [his] arrival in the United States." *Id.* § 1158(a)(2)(B). An application "may be considered" outside the one-year deadline if the applicant demonstrates "changed circumstances which materially affect the applicant's eligibility for asylum[.]" *Id.* § 1158(a)(2)(D); *see also Matter of D-G-C-*, 28 I. & N. Dec. 297, 300 (B.I.A. 2021)

3

(requiring that the new circumstances be "qualitatively different" and explaining that the difference "must significantly affect the applicant's eligibility for asylum").

Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application and the circumstances excusing untimeliness is limited to "constitutional claims or questions of law," 8 U.S.C. §§ 1252(a)(2)(D), 1158(a)(3), which includes the application of law to established facts, *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). A question of law may also arise where the agency applied the wrong legal standard, *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008), or where the agency "totally overlooked" or "seriously mischaracterized" facts, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). For jurisdiction to attach, the question of law or constitutional claim must be "colorable." *Barco-Sandoval*, 516 F.3d at 41 n.6.

It is undisputed that Moscoso filed his application in 2021, more than ten years after his most recent entry into the United States in 2009. Moscoso argues that the agency ignored or mischaracterized evidence establishing a material change in circumstances excusing the untimely filing, specifically an uptick in violence and the failure of anti-corruption efforts in Guatemala. To the contrary,

4

the IJ considered Guatemala's discontinuation of an anticorruption commission, pointed to evidence that a new Guatemalan president created a different corruption-fighting commission and found that the changes in how the Guatemalan government fights corruption were not sufficiently significant to constitute changed circumstances. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (presuming that an IJ has taken into account all of the evidence presented, "unless the record compellingly suggests otherwise").

Moscoso also argues that the BIA applied an overly deferential standard of review to the IJ's decision and failed to address his argument that the increased involvement of criminals in high level political decision-making constituted a changed circumstance increasing the risk to Moscoso. But the BIA expressly addressed that very argument, concluding that the IJ's finding that the families in question already had significant political power before Moscoso came to the United States was not clearly erroneous, and thus agreeing with the IJ's conclusion that country conditions hadn't worsened in a way that increased Moscoso's risk profile. This was all that was required. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (The BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.")

5

(quotation marks omitted); *see also* 8 C.F.R. § 1003.1(e)(4) (allowing for affirmance without opinion), (e)(5) (instructing that single member BIA decisions be "brief").

Accordingly, Moscoso has not asserted a colorable constitutional claim or question of law with respect to the denial of asylum, and the petition seeking review of the denial of asylum is dismissed for lack of jurisdiction.

## II.     Withholding of Removal & CAT Relief

An applicant bears the burden of establishing his eligibility for withholding of removal. *Pinel-Gomez v. Garland*, 52 F.4th 523, 528 (2d Cir. 2022). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."     8 U.S.C. § 1158(b)(1)(B)(ii); *see id.* § 1231(b)(3)(C) (applying § 1158(b)(1)(B)(ii) to withholding claims).   If the IJ concludes that an applicant's testimony is credible but insufficient to meet the burden of proof, the IJ must explain "(1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [petitioner's] proffered explanations for the lack of corroboration are insufficient." *Manning v. Barr*, 954 F.3d 477, 485 (2d Cir. 2020) (quotation omitted).   It can be

reversible error if the IJ fails to explain why the sought after corroboration would be "obviously material." *Id*. (quotation omitted).

Here, the IJ found Moscoso credible, but determined that his testimony alone did not meet his burden of proof. It is clear from the IJ's discussion of the insufficient corroboration that the IJ concluded that Moscoso's testimony was insufficient with respect to the two events he relies on to show he faces a threat of harm—the killing of his uncle and his mother's 2021 confrontation with the Miranda family. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (concluding that an IJ may require corroboration where testimony, although not incredible, is "vague and lacking in details"). That makes sense. Moscoso did not have firsthand knowledge of either, and his fear of future persecution rests entirely on an interpretation of these events. Thus, we do not read the IJ's decision to suggest, as Moscoso argues, that the only deficiency in his testimony related to his criminal record.

Moreover, the IJ identified reasonably available corroboration that should have been presented and Moscoso's explanations do not compel a conclusion that such evidence was unavailable. "An IJ may deny a claim for relief based on the applicant's failure to provide reasonably obtainable corroborating evidence. In

7

doing so, the IJ must (1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Pinel-Gomez*, 52 F.4th at 529 (internal quotation marks omitted). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Moscoso testified that his father and one of his sisters lived in the United States and were aware of the feud; thus, the IJ did not err in finding that affidavits or testimony from them were reasonably available and should have been presented. *See Pinel-Gomez*, 52 F.4th at 529. Moscoso's explanation that he did not ask his father for a letter does not demonstrate that a letter or testimony was unavailable. The IJ further acknowledged that Moscoso could not present his mother for testimony because she had recently passed away, but noted that did not change the fact that her affidavit was not subject to cross-examination. Moscoso argues that the agency should have given more weight to his credible testimony and the corroborating statements he provided from his mother and sister in Guatemala; however, neither statement provides more details about

8

Moscoso's uncle's death or the 2021 conversation that he viewed as a threat. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, the agency did nor err in deciding that Moscoso's testimony alone was insufficient to meet his burden to show a clear probability of persecution and that he should have provided evidence from his father or other family members corroborating his testimony about his uncle's murder and the harm he would face if returned. Because Moscoso failed to meet his burden of proof and the same facts formed the basis of his CAT claim, this burden finding is dispositive of both withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010); *see also* 8 C.F.R. § 1208.16(c)(2) (placing burden on CAT applicant to establish that he will "more likely than not" be tortured).

For the foregoing reasons, the petition for review is DISMISSED IN PART and DENIED IN PART. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9